IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **UNITES STATES OF AMERICA,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | Criminal Action No. 7:17-cr-009-O | |
| § | | |
| **EDUARDO FELIPE HERNANDEZ (02),** § | | |
| § | | |
| **Defendant.** § | | |

## ORDER

Before the Court is Eduardo Felipe Hernandez's Motion for Reduction of Sentence filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in which Hernandez seeks compassionate release due to his rehabilitation in prison, a previous surgery which resulted in memory loss, and a prison "[h]ealth catastrophe" which the Court construes as a reference to COVID-19. *See* ECF No. 154 at 1. Having considered the motion, the facts of this case, and the applicable law, the Court finds that the motion should be DENIED.[1]

The United States Court of Appeals for the Fifth Circuit has determined that neither the sentencing guidelines' policy statement nor the commentary is binding on the Court when addressing a motion under § 3582. *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Instead, the Court is bound only by 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3553(a). Nevertheless, the Court may use the policy statement as a tool in its review of the motion. To prevail on a motion for compassionate release, the movant must still (1) show extraordinary reasons, (2) show that compassionate release is consistent with applicable policy statements, and

---

[1] Defendant Hernandez states that this motion was filed after 30 days from the warden's receipt of his administrative request for compassionate release. *See* ECF No. 154 at 2. For purposes of this order, the Court presumes that Hernandez has exhausted his administrative remedies.

(3) convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors. *United States v. Cooper*, 996 F.3d 283, 287 (5th Cir. 2021) (citing *Shkambi*, 993 F.3d at 392).

Hernandez states that he has served more than 36 months of his sentence, that he "has been a model inmate," and that he "has engaged in self-reflection and post-offense rehabilitation." ECF No. 154 at 1. He further states that the current health crisis (presumably COVID-19) "jeopardizes [his] well-being at the Correctional Facility." *Id.* Hernandez asks the Court to reduce his sentence to time served and order his immediate release. *Id.*

The Court finds that post-offense rehabilitation and the fact the COVID-19 exists in the prison environment are not conditions that would qualify as extraordinary and compelling. *See* 18 U.S.C. § 994(t) (rehabilitation alone is not an extraordinary and compelling reason for sentence reduction); *United States v. Jackson*, No. 3:16-cr-196-L(01), 2020 WL 4365633 at *2 (N.D. Tex. July 30, 2020) (finding that defendant had failed to present extraordinary and compelling reasons for compassionate release despite suffering from previous underlying health conditions and testing positive for COVID-19); *United States v. Koons*, Crim. A. No. 16-214-05, 2020 WL 1940570 at *4 (W.D. La. Apr. 21, 2020) ("The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner.").

Even where extraordinary and compelling reasons exist, this Court may deny the request for compassionate release based on consideration of the factors set forth in 18 U.S.C. § 3553(a) and on other appropriate considerations. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (affirming denial of compassionate release based on § 3553(a) factors where defendant was terminally ill and eligible for compassionate release).

Hernandez was arrested on October 16, 2017 and detained pending trial. *See* ECF Nos. 15, 16, 22. Assuming the Bureau of Prisons has credited him with time served since the date of his arrest, Hernandez has served approximately 51 months (30%) of the 168-month sentence imposed. The Court finds that a sentence reduction is inappropriate because the § 3553(a) factors weigh against release.

Considering the seriousness of his offense, which involved a conspiracy to possess with intent to distribute heroin and large quantities of methamphetamine, the Court finds that Hernandez has not served enough time on his sentence to achieve just punishment or rehabilitation. Release at this time would undercut "the need for the sentence imposed . . . to reflect the seriousness of the offense, . . . [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2); *See United States v. Jackson*, No. CR 13-279, 2020 WL 3832717 at *2-3 (E.D. La. July 8, 2020) (denying motion for compassionate release in light of the severity of the offense and because defendant had served only 45% of his sentence); *United States v. Sam*, No. CR 17-83, 2020 WL 3415771, at *6 (E.D. La. June 22, 2020) (denying motion for compassionate release in light of defendant's criminal history, the nature of the offense, and because defendant had served only 42% of his sentence).

For the foregoing reasons, Defendant's motion for compassionate release (ECF No. 154) is **DENIED**.

**SO ORDERED** this **7th day** of **January, 2022.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

3